IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BECKY MAE FIELDS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:17-cv-00078-O-BP |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the Social § | |
| Security Administration, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE, NOTICE, AND ORDER**

Plaintiff Becky Mae Fields ("Fields") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for disability insurance benefits ("DIB") under Title II and Title XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

**FINDINGS AND CONCLUSIONS**

**I.    STATEMENT OF THE CASE**

Fields filed an application for DIB on October 4, 2013, alleging that her disability began on February 7, 2013. (Transcript ("Tr.") 17). The Commissioner denied her claim initially on January 21, 2014, and denied it again on reconsideration on April 23, 2014. *Id.* Fields requested a hearing, which was held on April 23, 2015 via video, before Administrative Law Judge ("ALJ") Angelita Hamilton, with Fields and her attorney, Carla E. Earwood, present. *Id.*  Vocational Expert

("VE") Christy V. Wilson testified at the hearing. *Id.* The ALJ issued her decision on June 25, 2015, finding that Fields was not entitled to disability benefits. Tr. 28.

In her decision, the ALJ employed the statutory five-step analysis and established during step one that Fields had not engaged in substantial gainful activity since February 7, 2013, the alleged disability onset date. (Tr. 19). At step two, the ALJ determined that Fields had the severe impairments of mild dextroscoliosis; mild spondylitic changes in the thoracic and lumbar spine; colitis; and intellectual disability. *Id.* At step three, the ALJ found that Fields's impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Pt. 404(p). *Id.* In particular, the ALJ concluded that Fields retained the residual functional capacity ("RFC") to perform light work. (Tr. 22). At step four, the ALJ determined that Fields was unable to perform past relevant work. (Tr. 26). The ALJ cited representative professions from the Dictionary of Occupational Titles ("DOT"), taken from the VE's testimony, that could be performed: bench assembler, electrical equipment assembler, and bakery worker. (Tr. 27). As a result of the five-step analysis, the ALJ found that Fields had not been under a disability, as defined in the Social Security Act, from February 7, 2013, through the date of her decision. *Id*.

On March 24, 2017, the Appeals Council found that Fields was not entitled to or eligible for a period of disability or disability insurance under the Social Security Regulations. (Tr. 7). Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II. FACTUAL BACKGROUND

According to Fields's pleadings, testimony at the administrative hearing, and the administrative record, she was forty-eight years old on the alleged disability onset date, and fifty-

one years old at the time of the administrative hearing. (ECF No. 12 at 2; Tr. 61). She completed the seventh grade, was enrolled in special education classes, and received her GED. (ECF No. 12 at 2; Tr. 40). Her past relevant work includes working as a personal caregiver. ECF No. 12 at 2. Fields asserts that her physical and mental impairments render her disabled under the SSA.

### III.   STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as a "medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months" that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1527. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her past relevant work. 20 C.F.R. § 404.1520(e). Fifth, the impairment must prevent the claimant

from doing any work, considering the claimant's RFC, age, education, and past work experience. *Crowley v. Apfel*, 197 F.3d 197, 197-98 (5th Cir. 1999); 20 C.F.R. § 404.1520(f). "The claimant bears the burden of showing that [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC—"the most [a claimant] can still do despite [her] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1).

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Audler*, 501 F.3d at 447; *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harris*, 209 F.3d at 417. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

## IV.   ANALYSIS

Fields raises three issues on appeal. She claims (1) that the ALJ's RFC is not supported by substantial evidence because the ALJ improperly analyzed the 12.05 Listing; (2) that the Appeals

Council applied the incorrect Listing when adopting the ALJ's findings; and (3) that the ALJ's RCF determination is not supported by substantial evidence, and thus the hypothetical questions directed to the vocational expert were in error.

### A. Listing 12.05 Determination

Fields first challenges the ALJ's finding in her RFC determination that Fields's intellectual disability does not meet the requirements of Listing 12.05. (Tr. 21). Fields argues that the ALJ erred in declining to consider the paragraphs within Listing 12.05 and in not explaining her reasons for this finding, and she additionally argues that the record does not support the finding. ECF No. 12 at 4–5.

In order to meet the initial requirements of Listing 12.05, a claimant must have: (1) significantly subaverage general intellectual functioning; (2) deficits in adaptive functioning; and (3) manifested deficits in adaptive behavior before age twenty-two. 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05. A claimant who fails to meet the stated criteria by even a slight margin does not qualify for presumptive disability under the listings. *Sullivan v. Zebley,* 493 U.S. 521, 533 (1990). The Fifth Circuit in *Randall v. Astrue* clarified that "Listing 12.05 employs four enumerated paragraphs . . . to describe the severity criteria, and only one paragraph must be met instead of a combination of two" and that the claimant has "the initial burden of demonstrating that their impairment satisfies the introductory paragraph's diagnostic description." 570 F.3d 651, 659–60 (5th Cir. 2009). "[S]atisfying the intellectual disability definition of 12.05 is a prerequisite to considering 12.05(A), (B), (C), or (D)." *McCaskill v. Dep't of Health & Human Servs.*, 640 Fed. App'x 331, 334 (5th Cir. 2016). "Although a formal diagnosis of mental retardation is not required, [the claimant] must have exhibited deficits in adaptive functioning that manifested prior to the age of twenty-two." *Thompson v. Colvin*, No. 4:12-CV-466-Y, 2013 WL 4035229, at *6 (N.D. Tex.

5

Aug. 8, 2013) (citations omitted).

Fields assets that the ALJ applied an improper legal standard in deciding that she did not meet the introductory diagnostic paragraph of Listing 12.05. The ALJ recited the listing, and found that Fields did not satisfy the preliminary requirement of establishing that she exhibited deficits in adaptive functioning before age twenty-two. The ALJ thus held that she did not need to consider the severity criteria of listing 12.05 because Fields had not made the required threshold showing. (Tr. 22). Fields argues that the ALJ "did not consider the record as a whole or adequately inquire during the hearing" concerning Fields's alleged reduced adaptive functioning. ECF No. 12 at 7. The Commissioner argues that the record contains no substantial evidence of deficits in adaptive functioning that initially manifested before Fields was twenty-two. ECF No. 16 at 4–5. At the hearing, Fields testified that she completed the seventh grade, enrolled in special education classes in school, and received her GED. (Tr. 40). "However, mere attendance of special education classes is insufficient to establish significantly subaverage intellectual functioning with deficits in adaptive behavior during the developmental period." *Thompson v. Astrue*, No. 12-59, 2012 WL 7062342, at *10 (E.D. La. Aug. 13, 2012) (citations omitted); *Potts v. Astrue,* No. H-12-CV-229, 2013 WL 5785659, at *8 (S.D. Tex. Feb. 19, 2013) (finding that claimant's "poor performance in school, his past history as a special education student, and his illiteracy" are insufficient to meet his burden of establishing a "deficit in adaptive functioning" as required by Listing 12.05).

In addition, the evidence in the record shows that Fields maintained her job as a home health attendant for several years, and that she is able to take care of limited household chores, drive, cook, and take care of her grandchildren. (Tr. 39, 41–48). "All of these activities demonstrate that [Fields] did not exhibit deficits in adaptive functioning that manifested prior to the age of twenty-two as required to meet Section 12.05 of the Listing." *See Thompson v. Colvin*, No. 4:12-

CV-466-Y, 2013 WL 4035229, at *5 (N.D. Tex. Aug. 8, 2013) (finding that a plaintiff who was able to care for "personal needs, drive a car, shop for groceries, pay bills, count change, use a checkbook" did not exhibit deficits in adaptive functioning that manifested prior to the age of twenty-two as required under Section 12.05); *Davis v. Astrue,* No. 4:11–1327, 2012 WL 524185, at *6 (S.D. Tex. Feb.15, 2012) (finding that a claimant failed to meet requirements of Listing 12.05 because there was no evidence in the record that the claimant suffered from mental impairments before age twenty-two). Without satisfying the diagnostic criteria, Fields cannot meet the listing, regardless of whether she currently meets the severity criteria under Listing 12.05. *Winn v. Social Security Admin.*, No. 12-2690, 2013 WL 5507289, at *9 (E.D. La. Oct. 2, 2013) (citing *Randall,* 570 F.3d at 659–60).

Furthermore, the ALJ noted that Fields's psychological examination revealed a mild range of intellectual disability with a verbal comprehension score of 66, a perceptual reasoning score of 67, a working memory score of 63, a processing speed score of 65, and a full scale IQ of 59. (Tr. 24). Dr. Kownacki, who conducted Fields's psychological examination, diagnosed Fields with intellectual disability. (Tr. 388). The Commissioner argues that reliance on Dr. Kownacki's report as it pertains to Fields's mental impairment would be misplaced, as he examined Fields when she was forty-nine years old—so the report would not support the determination of Field's adaptive functioning prior to age twenty-two. ECF No. 16 at 6. While the Fifth Circuit has not directly considered whether an I.Q. score can apply retroactively, some courts have found that the lack of an I.Q. score during the developmental period does not preclude a finding of a claimant's subaverage intellectual functioning for intellectual disability. *See Helton v. Astrue*, No. 2–08–CV–0079–J, 2011 WL 1743409 at *4, (N.D. Tex. Apr.22, 2011), *rec. adopted* 2011 WL 1752243 (N.D. Tex. May 6, 2011) (There is a "generally accepted principle that, absent brain injury, mental

retardation is a life-long impairment."); *see also Adams v. Astrue*, No. 4–10–CV–0216–BD, 2011 WL 2550772 at *3 (N.D. Tex. June 27, 2011) (explaining that there is a significant body of case law which holds that there is a presumption that I.Q. scores remain stable over time, and thus, a claimant need not produce an IQ score obtained prior to the age of twenty-two to meet Listing 12.05C).

However, the ALJ did not rely on Fields's I.Q. test as the basis for finding Fields did not meet the requirements of Listing 12.05. Instead, the ALJ found that "the record does not include any evidence showing the claimant's level of skill, prior to turning age 22, in areas such as communication, self-care, home living, social and interpersonal skills, use of community resources, self-direction, leisure, health, and safety." (Tr. 22). In *Helton* and *Adams*, there was evidence other than the I.Q. scores, including school records, supporting the finding that the claimants experienced issues with adaptive functioning before age twenty-two. *Helton*, No. 2–08–CV–0079–J, 2011 WL 1743409 at *5 (finding that plaintiff's school records indicating that she dropped out of school at age fourteen and struggled in special education classes evidenced "diminished intelligence"); *Adams*, No. 4–10–CV–0216–BD, 2011 WL 2550772 at *3 (finding that school records dating back to when the plaintiff was twelve years old suggested deficit in intellectual functioning). Unlike *Helton* and *Adams*, in this case no school records or other evidence showed that Fields had deficits in adaptive functioning before age twenty-two. *See Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) (The claimant has the burden of proving that his impairment or combination of impairments meets or equals a listing). Fields therefore did not show that she meets the initial diagnostic requirements of Listing 12.05, and remand is not warranted on this ground.

### B. The Appeals Council's Review of Fields's Mental Impairment

Fields next contends that reversal is warranted because the Appeals Council applied the wrong Listing at Step Three and did not provide specific reasons for adopting the ALJ's findings. ECF No. 12 at 10. Specifically, Fields argues that the Appeal's Council incorrectly reviewed Fields's mental impairments under Listing 12.11 instead of Listing 12.05. *Id.* Review of appeals is discretionary, and it is the decision of the Appeals Council, coupled with those parts of the ALJ's decision that the Appeals Council adopted, that constitutes the "final agency" decision. *Sims v. Apfel,* 530 U.S. 103, 106–107 (2000) ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision.").

At Step 2 of its review, the Appeals Council adopted the ALJ's finding that Fields had mild dextroscoliosis; mild spondylitic changes in the thoracic and lumbar spine; and colitis. (Tr. 5). But the Appeals Council did not adopt the ALJ's finding that Fields had the severe impairment of intellectual disability. Instead, it found that Fields had borderline intellectual functioning based on the State Agency Medical Consultants' reports. *Id.* According to the Appeals Council, because the ALJ afforded great weight to the State Agency Medical Consultants' reports—which assessed a diagnosis of borderline intellectual functioning—the ALJ incorrectly found that Fields had an intellectual disability. *Id.* In finding that Fields did not meet the requirements of Listing 12.11, the Appeals Council determined that Fields experienced moderate restrictions to understand or apply information; interact with others; concentrate, persist or maintain pace; and adapt or manage herself. (Tr. 6).

According to Fields, the Appeals Council substituted its own opinion for Dr. Kownacki's opinion, as he diagnosed Fields with intellectual disability, not borderline intellectual functioning. ECF No. 12 at 12. It appears that the Appeals Council simply reiterated the great weight the ALJ

afforded the State Agency Medical Consultants' reports that ultimately found Fields experienced borderline intellectual functioning. (Tr. 5). The Appeals Council did not wholly ignore Dr. Kownacki's opinion, but rather afforded more weight to the SAMCs' opinions. The Appeals Council's reliance on the SAMC reports, while giving limited weight to Dr. Kownacki's report, is within its discretion. *See Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). However, when reports of non-examining physicians, like SAMCs, make specific medical conclusions that either contradict or are unsupported by findings made by an examining physician, such reports do not provide substantial evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1023–24 (5th Cir. 1990); *Fitzpatrick v. Colvin*, No. 15-CV-3202-D, 2016 WL 1258477, at *8 (N.D. Tex. Mar. 31, 2016) (Fitzwater, J.).

Fields argues that the Appeals Council essentially reduced the consideration of Fields's adaptive functioning by solely considering the fact she earned a high school diploma or had engaged in repetitive, menial work. ECF No. 12 at 11. The undersigned agrees that an adaptive functioning analysis involves consideration of common every day activities. Adaptive functions include "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for [one's] grooming and hygiene, using telephones and directories, and using a post office." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(1); *Blackstock v. Astrue,* 527 F. Supp. 2d 604, 619 n.14 (S.D. Tex. Dec. 6, 2007). "To evaluate deficits in adaptive functions, courts look at a claimant's ability to live on his own, as well as dress himself and prepare simple meals," and the claimant's work history. *Batti v. Berryhill*, No. 4:17-cv-00059-A, 2017 WL 3842863, at *5 (N.D. Tex. Aug. 17, 2017) (citation omitted). Fields argues that the Appeals Council committed reversible error by apparently dismissing Fields's diagnosis of intellectual disability because she had earned a high school diploma and engaged in past semi-skilled work.

(Tr. 4). However, the Appeals Council at Step 3 further explained that based on the SAMCs who diagnosed Fields with borderline intellectual functioning and the ALJ's reliance on those reports, the Appeals Council could not adopt the ALJ's finding that Fields had an intellectual disability. (Tr. 5–6). The undersigned finds that while the Appeals Council should have explained its reasoning for giving greater weight to the SAMCs in light of Dr. Kownacki's diagnosis, the findings of the SAMCs did not entirely contradict or were unsupported by findings made by Dr. Kownacki for the reasons stated above. *Villa*. 895 F.2d at 1023–24. Thus, such error would be harmless.

Even assuming *arguendo* that the Appeals Council incorrectly rejected the ALJ's finding that Fields had an intellectual disability, such error likewise would be harmless. Fields argues that the ALJ erred because the ALJ did not consider the severity criteria of Listing 12.05, but Fields failed to meet her burden of showing exactly how her impairment equaled or met Listing 12.05. Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *Frank v. Barnhart*, 326 F.3d 622 (5th Cir. 2003). Remand is necessary only if the claimant's substantial rights have been affected. *See Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir. 2000); *Brock v. Chater,* 84 F.3d 726, 728 (5th Cir.1996) ("To establish prejudice, a claimant must show that he could and would have adduced evidence that might have altered the result.") (internal quotation marks omitted)); *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected."). To be entitled to relief, the claimant must establish that the ALJ erred and that the ALJ's error casts into doubt the existence of substantial evidence to support the ALJ's decision. *Morris v. Bowen,* 864 F.2d 333, 335 (5th Cir. 1988).

In this case, the Appeals Council's rejection of the ALJ's finding regarding Fields's mental impairment and providing insufficient reasoning in giving greater weight to the SAMCs's reports over Dr. Kownacki appear to be harmless as there is no evidence in the record that Fields had deficits in adaptive functioning before age twenty-two. Although the undersigned finds that the Appeals Council should have provided further reasoning in reaching a different conclusion than the ALJ regarding Fields's mental impairment, the Court may neither reweigh the evidence in the record nor substitute its judgment for that of the Commissioner's. *See Harris,* 209 F.3d at 417; *Hollis,* 837 F.2d at 1383. Accordingly, remand is not warranted on these grounds.

## C. Substantial Evidence Supports the ALJ's RFC

Fields also contends that because the ALJ's RFC did not include "severe mental health diagnoses or adaptive functioning deficits" that the RFC was not supported by substantial evidence, and thus any hypothetical question posed to the VE was in error. ECF No. 12 at 13–14. In support of her argument, Fields states that because Dr. Kownacki's opinion was not given weight at Step 3, the ALJ's RFC is not substantially supported. This argument is unavailing.

The ALJ did consider Dr. Kownacki's opinion at Step 3 and specifically found that the SAMCs findings regarding Fields's mental impairments were consistent with the results of the WAIS-IV (I.Q. test). (Tr. 24). "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). The job of the Court is not to re-weigh the evidence, but only to scrutinize the record to determine if substantial evidence is present. *Hollis*, 837 F.2d at 1383; *Harris*, 209 F.3d at 417. Fields's arguments do not show that the ALJ did not have substantial evidence for her decision, as she fully considered the medical opinions of record including Dr. Kownacki's opinion diagnosing Fields with an intellectual disability. (Tr. 24–25).

In the Fifth Circuit, a hypothetical question posed to a VE need only reasonably incorporate all disabilities of the claimant recognized by the ALJ. *Hardman v. Colvin*, 820 F.3d 142, 149 (5th Cir. 2016); *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). An ALJ does not need to expressly name the severe impairments that the ALJ recognized at step two. *Hardman*, 820 F.3d at 148–49. The ALJ's question to the VE is sufficient if it tracks the ALJ's RFC assessment and if the RFC assessment is supported by substantial evidence. *Id.* at 149 & n.3 (citing *Dise v. Colvin*, 630 Fed. App'x 322 (5th Cir. 2015)); *see also Bordelon v. Astrue*, 281 Fed. App'x 418, 422 (5th Cir. 2008) ("Because the ALJ properly articulated [the claimant's] specific functional limitations in the hypothetical question to the VE, the hypothetical question was valid.").

Fields contends that the ALJ's decision is not supported by substantial evidence because it is based on the VE's response to a defective hypothetical question that did not incorporate opinion evidence to support her mental limitations—specifically her difficulties in social functioning and completing activities of daily living. (Pl' Br. at 14). But the ALJ was only obligated to reasonably incorporate in her hypothetical all of Fields's disabilities that the ALJ recognized. *See Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001). Here, the ALJ's decision shows that she reasonably considered Fields's mental impairments based on the SAMCs's reports and results of the WAIS-IV. (Tr. 25–26). Furthermore, as the Commissioner argues, Fields did not testify to any social functioning or daily living limitations caused by her mental impairments, but rather testified that she got along well with other people and stated that the only reason she needed help with her household chores was due to her physical impairments. ECF No. 16 at 8 (citing Tr. 46, 53–54). Finally, Fields does not argue how she was prejudiced by the ALJ's questions to the VE or by the ALJ's RFC limitation to simple, routine, and repetitive tasks in the performance of her work. A

demonstration of prejudice is required. *Bordelon*, 281 Fed. App'x at 422. Remand is not warranted on this ground.

However, even if the ALJ erred in failing to include limitations in the hypothetical she posed to the VE, this error would be harmless. Under Fifth Circuit precedent, "if the administrative law judge's hypothetical omits a recognized limitation 'and the claimant or his representative is afforded the opportunity to correct deficiencies in the administrative law judge's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions there is no reversible error.'" *Fitzpatrick*, 2016 WL 1258477 at *12 (citing *Wise v. Barnhart*, 101 Fed. App'x 950, 951 (5th Cir. 2004) (per curiam)). Here, Fields's attorney was afforded an opportunity at the hearing to cross-examine the VE and to correct deficiencies in the ALJ's hypothetical question by suggesting to the expert any purported defects in the hypothetical question, but she declined to cross-examine the VE. *See Harrison v. Colvin*, 2014 WL 982843, at *5 (N.D. Tex. Mar. 12, 2014) (Fitzwater, J.); (Tr. 59). Accordingly, any deficiency in the ALJ's hypothetical to the VE was not reversible error, and remand is not warranted on this ground.

## V.   CONCLUSION

The ALJ's RFC determination is supported by substantial evidence, as she properly analyzed Listing 12.05 as it pertains to Fields. Further, the Appeals Council's rejection of the ALJ's finding regarding Fields's mental impairment was not reversible error, and any such error would be harmless. Lastly, the ALJ and Appeals Council properly weighed the medical opinions of record.

## RECOMMENDATION

The undersigned **RECOMMENDS** that Judge O'Connor **AFFIRM** the Commissioner's decision.

## **NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's Findings, Conclusions, and Recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's Findings, Conclusions, and Recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **June 21, 2018,** to serve and file written objections to the United States Magistrate Judge's Findings, Conclusions, and Recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

Signed June 7, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

16